Eastern District of Kentucky
FILED
APR 2 5 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-269-KSF

LARRY DRUTIS, ET AL., PLAINTIFFS

V.     **MEMORANDUM OPINION AND ORDER**

RAND McNALLY & CO., ET AL., DEFENDANTS

\* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiffs Larry Drutis, Harold E. Parker, Joe Tkacz, and John Wayne Simpson, present and retired employees[1] of Rand McNally & Company (hereafter "Rand McNally"), and/or its successors, World Color Press, Inc. (hereafter "World Color") and Quebecor World (USA), Inc., (hereafter "Quebecor"), bring this action against defendants Rand McNally and Quebecor, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., ("ERISA"), alleging that their pension benefits have decreased or will decrease as a result of the conversion of the Rand McNally Plan to the World Color Press Cash Balance Plan and that defendant Rand McNally and its successors in interest, World Color and Quebecor, violated 29 U.S.C. § 1054 by their failure to honor the terms of the Rand McNally Plan or to provide a benefit that is the "actuarial equivalent" of the Rand McNally Plan, subsequent to the acquisition of Rand McNally by World Color and the subsequent merger of World Color with Quebecor. Plaintiffs also assert that the World Color Cash Balance Plan, which was adopted by Quebecor, discriminates against employees as the result of their age and increasing years of employment, in violation of ERISA.

Plaintiffs seek injunctive relief, compensatory damages, their costs and attorney's fees.

---

[1] In their complaint, plaintiffs allege that Drutis, Parker, and Tkacz are retired employees and that Simpson is currently employed. See Complaint, p. 10 - DE #1. However, responding to defendants' motion to compel, plaintiffs state they are four *former* employees of the defendants; thus, it appears that plaintiff Simpson became a retired employee subsequent to the filing of this action.

This matter is before the court on defendants' motion to compel discovery from plaintiffs.[2] This motion has been fully briefed and is ripe for review.

## II. DEFENDANTS' MOTION TO COMPEL DISCOVERY

In support of their motion to compel discovery from plaintiffs, defendants contend that plaintiffs' responses to some of their discovery requests are inadequate and that plaintiffs should be compelled to provide sufficient responses to the discovery requests in dispute, *viz.*, certain Requests for Admissions ("RFA") (RFA Nos. 15-16 and 38-49), defendants' First Set of Interrogatories Regarding Expert Actuarial Issues, and defendants' First Set of Requests for Production of Documents ("RPDs") Regarding Expert Actuarial Issues.

In response, plaintiffs assert that the disputed discovery requests at issue result from the fact that defendants have misinterpreted Fed.R.Civ.P. 26 and are attempting to obtain discovery from plaintiffs under a former version of Fed.R.Civ.P. 26, ignoring the amendments thereto that became effective in 1993. Plaintiffs argue that under the present version of Fed.R.Civ.P. 26, defendants may not propound discovery requests for the purpose of discovering expert witness opinions. Plaintiffs state that after defendants were provided with the report of plaintiffs' expert, defendants had the option of taking the deposition of their expert, if necessary, but that defendants are not authorized also to propound discovery requests that, while are theoretically directed to plaintiffs, are intended to discover expert opinions, seek information that is not within the knowledge of the plaintiffs, and cannot be responded to in the absence of consultation with an expert. For these reasons, plaintiffs contend that their responses to these discovery requests are appropriate under the rules and that defendants' motion to compel should be denied.

---

[2] Pursuant to numerical ¶ 12 of the district court's Scheduling Order entered herein on March 2, 2005, all discovery disputes were referred to the Magistrate Judge for resolution. [DE #30].

2

## Discussion/Analysis

In considering this matter, the Magistrate Judge is mindful of the scope of discovery permitted by Fed.R.Civ.P. 26, subsequent to the 2000 amendment thereto, which permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . . ." Thus, to resolve this discovery dispute, it is necessary to review the discovery requests at issue, defendants' responses thereto, and any subsequent supplementation of defendants' discovery responses. The discovery requests that are the subject of this motion to compel and plaintiffs' responses thereto are set out below:

### A. Requests for Admissions

Defendants state that their RFAs to plaintiffs, which were comprised of forty-nine (49) RFAs, were served in an effort to narrow and refine the issues herein. Defendants submit that plaintiffs provided insufficient responses to nearly 40 of the 49 RFAs; however, defendants' motion to compel concerns only the following 14 RFAs: RFA Nos. 15-16 and 38-49.

#### i. RFA Nos. 15-16

> 15. The initial amount in the Transition Account under the World Color Plan of a participant who had previously participated in the Rand McNally Plan was an amount equal to the actuarial present value of the benefit the participant had accrued under the Rand McNally Plan as of January 16, 1997, using, for purposes of calculating the actuarial present value of such benefit, the 1983 Group Annuity Mortality Table weighted 50% for females and 50% for males, and an interest rate of 6.48%, which was the annual interest rate on 30-year Treasury securities for the second full calendar month preceding January 1, 1997.
>
> **ANSWER:**
> Deny. The plaintiffs have, in their pleadings in this action, consistently denied, and continue to deny, first, that ANY "amount" actually exists in any type of account, including the transition account; this amount is, at best, a hypothetical number to be used for future calculations. It is NOT an account balance available to the employee or which may be invested at the discretion of the employee. Second, the plaintiffs have consistently alleged, in their pleadings in this action, that the "balance" in the transition account is less than the actuarial present value of the benefit the participant had accrued under the Rand McNally Plan as of January 16, 1997.

In support of their motion to compel a supplemental response to RFA No. 15, defendants submit that plaintiffs' response is insufficient under Fed.R.Civ.P. 36(a), which provides that "a

denial shall fairly meet the substance of the requested admission." Defendants advise that RFA No. 15 is seeking to ascertain if there is a disagreement between the parties regarding the mortality table and the interest rate used to convert participants' accrued benefits to lump-sum amounts; defendants argue that since plaintiffs' response does not refer either to mortality tables or to interest rates, it is an insufficient response.

In response, plaintiffs point out that the response to RFA No. 15 was a complete denial and that a such a response is sufficient. Plaintiffs elaborate that the remainder of their response thereto was unnecessary under the rules but was provided in the spirit of attempting to define the issues in this case.

In reply, defendants argue that plaintiffs' response to RFA No. 15 reveals their failure to understand cash balance plans and that plaintiffs' response, which simply parrots the allegations made in their complaint, does not meet the substance of the request in the manner required by Rule 36.

The Magistrate Judge is unpersuaded by defendants' motion to compel a supplemental response to RFA No. 15. Plaintiffs' response to this RFA was a complete denial, followed by an explanation of their denial. Even if plaintiffs' response is based on their misunderstanding of cash balance plans, as defendants suggest, plaintiffs nevertheless responded and completely denied the RFA. A complete denial is a proper response to a RFA. Thus, even though plaintiffs' response to RFA No. 15 is not the response desired by the defendants, the Magistrate Judge concludes that it is a sufficient response under Rule 36. However, if it is subsequently determined that plaintiffs unreasonably failed to admit this RFA, defendants' remedy is to seek sanctions against plaintiffs.

Consequently, defendants' motion to compel plaintiffs' to supplement their response to RFA No. 15 is denied.

> 16. Pursuant to Code § 417(e) and Treas. Reg. § 1.417(e)-1(d), the applicable mortality table for January 1997 was the 1983 Group Annuity Mortality Table weighted 50% for females and 50% for males, and the applicable interest rate for January 1997, if the lookback month was the second full calendar month preceding the calendar year, was 6.48%.

**ANSWER:**
Deny. The plaintiffs have consistently alleged in their pleadings that the amount calculated as the opening balance of the World Color Plan does not accurately reflect each employee's anticipated benefit under the Rand McNally Plan.

In support of their motion to compel a supplemental response to RFA No. 16, defendants submit that plaintiffs' response is insufficient under Fed.R.Civ.P. 36(a), which provides that "a denial shall fairly meet the substance of the requested admission." Defendants advise that RFA No. 16 is seeking to ascertain if there is a disagreement between the parties regarding the mortality table and the interest rate used to convert participants' accrued benefits to lump-sum amounts; defendants argue that since plaintiffs' response does not refer either to mortality tables or to interest rates, it is an insufficient response.

In response, plaintiffs point out that RFA No. 16 seeks a pure legal conclusion concerning the interpretation of various statutory provisions, without reference to any of the facts in this case. Plaintiffs point out that their response thereto was a complete denial and that a such a response is sufficient. Plaintiffs elaborate that the remainder of their response thereto was unnecessary under the rules but was provided in the spirit of attempting to define the issues in this case.

In reply, defendants argue that plaintiffs' response to RFA No. 16 reveals their failure to understand cash balance plans and that plaintiffs' response, which simply parrots the allegations made in their complaint, does not meet the substance of the request in the manner required by Rule 36.

The Magistrate Judge is unpersuaded by defendants' motion to compel a supplemental response to RFA No. 16. Plaintiffs' response to this RFA was a complete denial, followed by an explanation of their denial. Even if plaintiffs' response is based on their misunderstanding of cash balance plans, as defendants suggest, nevertheless, plaintiffs completely denied the RFA. A complete denial is a proper response to a RFA. Thus, even though plaintiffs' response to RFA No. 16 is not the response desired by the defendants, the Magistrate Judge concludes that it is a sufficient

response under Rule 36. However, if it is subsequently determined that plaintiffs unreasonably failed to admit this RFA, defendants' remedy is to seek sanctions against plaintiffs.

Consequently, defendants' motion to compel plaintiffs' to supplement their response to RFA No. 16 is denied.

### ii.    RFA Nos. 38-49

> 38.    If three participants, ages 30, 40, and 55, each became participants in the World Color Plan on the same date, earned $50,000 in compensation per year, and retired ten years later, the three participants would all receive the same amount in retirement benefits under the World Color Plan.
>
> **ANSWER:** These plaintiffs object to this request on the following grounds:
> First, this request contains a hypothetical question which may only be answered in the form of opinion testimony by an expert witness, and these plaintiffs are not experts and will not testify as experts in this matter; and
> Second, this request is irrelevant to the issues in this action, and is not reasonably likely to result in information that is relevant to the issues in this action.

Defendants contend that plaintiffs' objection to this RFA is improper because (1) RFAs may properly seek opinions and conclusions, as seen in Fed.R.Civ.P. 36(a), (2) the fact that plaintiffs themselves are not experts does not relieve them of their obligation to respond to this RFA, and (3) plaintiffs have an obligation to consult with a third party (including expert witnesses), if necessary, in order to respond to this RFA. For these reasons, defendants submit that plaintiff should be compelled to consult with their expert and to provide a full and complete response to RFA No. 38. Defendants also argue that plaintiffs' relevancy objection to this RFA is without merit because this RFA relates to plaintiffs' claim that the World Color Plan discriminates on the basis of age, in violation of ERISA § 204(b)(1)(H) and to the opinion of plaintiffs' expert as to the meaning of the phrase "rate of an employee's benefit accrual." Defendants assert that this RFA is intended to flesh out and clarify the opinion of plaintiffs' expert concerning the meaning of that phrase and to explore various applications of the expert's theory as to Cash Balance Plans (the type of plan at issue herein), and similar plans.

In response, plaintiffs insist that their response to this RFA is entirely appropriate. Plaintiffs argue that the hypothetical mathematics problem presented in this RFA is objectionable, if for no

other reason, because none of the plaintiffs are 30, 40, or 55 years of age, and none retired after ten years of service; thus, it is a hypothetical based on irrelevant information.

In reply, defendants proffer generally that plaintiffs' objections to their RFAs stem from their fundamental misunderstanding of the Cash Balance Plans and the issues herein. Defendants advise that RFA No. 38 is intended to demonstrate that any disparity in benefits under a Cash Balance Plan is not a function of age, but rather the length of time an employee participates in the Plan before receiving benefits.

Although plaintiffs present an interesting argument concerning their objections to RFA No. 38, the Magistrate Judge, after much consideration, is not persuaded thereby. The Magistrate Judge concludes that the better rule is that an answering party must conduct a reasonable inquiry and answer a RFA if the information is readily obtainable, even though the answering party has no personal knowledge of the facts. *See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997); Rule 36 Advisory Committee Notes; 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2261, at 731 (2d ed. 1994). *See also Essex Builders Group, Inc. v. Amerisure, Ins. Co.*, 230 F.R.D. 682, 687 (M.D. Fla. 2005) (court ordered amended response where answering party limited inquiry to matters within its personal knowledge); *House v. Giant of Maryland, LLC*, 232 F.R.D. 257 (E.D. Va. 2005); *McHugh v. Olympia Entertainment, Inc.*, 37 Fed.Appx. 730 (6th Cir. 2002) (plaintiffs relied on his expert to respond to requests for admission).

Consequently, plaintiffs' objection to RFA No. 38 is overruled, and plaintiffs are directed to supplement their response thereto, albeit that plaintiffs must consult with their expert prior to supplementing said response.

> 39. If the "rate of an employee's benefit accrual" as used in ERISA § 204(b)(1)(H) is measured in terms of an annuity commencing at age 65, a contributory defined benefit plan with mandatory employee contributions will fail to satisfy ERISA § 204(b)(1)(H).
>
> **ANSWER:** These plaintiffs object to this request on the ground that it requests a pure conclusion of law, rather than an application of law to a particular fact, and

therefore is improper under the terms of Rule 36 of the Federal Rules of Civil Procedure.

Defendants contend that plaintiffs' objection to this RFA is improper because (1) RFAs may properly seek opinions and conclusions, as seen in Fed.R.Civ.P. 36(a), (2) the fact that plaintiffs themselves are not experts does not relieve them of their obligation to respond to this RFA, and (3) plaintiffs have an obligation to consult with a third party (including expert witnesses), if necessary, in order to respond to this RFA. For these reasons, defendants submit that plaintiff should be compelled to consult with their expert and to provide a full and complete response to RFA No. 39. Defendants also note that this RFA relates to plaintiffs' claim that the World Color Plan discriminates on the basis of age, in violation of ERISA § 204(b)(1)(H) and to the opinion of plaintiffs' expert as to the meaning of the phrase "rate of an employee's benefit accrual." Defendants assert that this RFA is intended to flesh out and clarify the opinion of plaintiffs' expert concerning the meaning of that phrase and to explore various applications of the expert's theory as to Cash Balance Plans (the type of plan at issue herein), and similar plans.

In response, plaintiffs argue that their response to this RFA is entirely appropriate, as this RFA improperly seeks a conclusion of law.

In reply, defendants proffer generally that plaintiffs' objections to their RFAs stem from their fundamental misunderstanding of the Cash Balance Plans and the issues herein. Defendants advise that RFA No. 39 asks that if it is assumed that the theory of plaintiffs' expert is correct, it would also cause plans other than a Cash Balance Plan to violate ERISA's accrual rules.

Although plaintiffs present an interesting argument concerning their objections to RFA No. 39, the Magistrate Judge, after much consideration, is not persuaded thereby. The Magistrate Judge concludes that the better rule is that an answering party must conduct a reasonable inquiry and answer a RFA if the information is readily obtainable, even though the answering party has no personal knowledge of the facts. *See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997); Rule 36 Advisory Committee Notes; 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2261, at 731 (2d ed. 1994). *See also Essex*

8

*Builders Group, Inc. v. Amerisure, Ins. Co.*, 230 F.R.D. 682, 687 (M.D. Fla. 2005) (court ordered amended response where answering party limited inquiry to matters within its personal knowledge); *House v. Giant of Maryland, LLC*, 232 F.R.D. 257 (E.D. Va. 2005); *McHugh v. Olympia Entertainment, Inc.*, 37 Fed.Appx. 730 (6th Cir. 2002) (plaintiffs relied on his expert to respond to requests for admission).

Consequently, plaintiffs' objection to RFA No. 39 is overruled, and plaintiffs are directed to supplement their response thereto, even though plaintiffs must consult with their expert prior to supplementing said response.

    40.    If the "rate of an employee's benefit accrual" as used in ERISA § 204(b)(1)(H) is measured in terms of an annuity commencing at age 65, an indexed career average pay pension will fail to satisfy ERISA § 204(b)(1)(H).

**ANSWER:** These plaintiffs object to this request on the ground that it calls for a pure conclusion of law rather than an application of law to fact. They further object on the ground that, to the extent it contains a hypothetical example, that such an example may only be the subject of expert testimony, and these plaintiffs are not experts and will not testify as expert witnesses in this action.

In support of defendants' motion to compel and in support of plaintiffs' objection to RFA No. 40, the parties advance the same arguments concerning their respective positions as presented in relation to RFA No. 39. Consequently, the ruling made in respect to RFA No. 39 is equally applicable to RFA No. 40. Therefore, plaintiffs' objection to RFA No. 40 is overruled, and plaintiffs are directed to supplement their response thereto, even though plaintiffs must consult with their expert prior to supplementing said response.

    41.    Exhibit 1 attached hereto is an accurate summary of the yearly pay credits, the yearly interest credits, the yearly increase in the account balance, the yearly increase in the account balance as a percentage of pay, and the cumulative amount of the account balance each year, over a period of forty (40) years under a cash balance plan based on the assumptions used in Exhibit 1, namely: (1) a starting salary of $50,000; (2) annual pay increases of 4%; (3) annual pay credits of 4% of compensation; and (4) annual interest credits of 3%.

**ANSWER:** These plaintiffs object to this request on the following grounds:
    First, this request contains a mathematically computed table based upon a hypothetical situation which may only be answered in the form of opinion testimony

9

> by an expert witness, and these plaintiffs are not experts and will not testify as experts in this matter; and
> 
> Second, this request is irrelevant to the issues in this action, and is not reasonably likely to result in information that is relevant to the issues in this action.

Defendants contend that plaintiffs' objection to this RFA is improper because (1) RFAs may properly seek opinions and conclusions, as seen in Fed.R.Civ.P. 36(a), (2) the fact that plaintiffs themselves are not experts does not relieve them of their obligation to respond to this RFA, and (3) plaintiffs have an obligation to consult with a third party (including expert witnesses), if necessary, in order to respond to this RFA. For these reasons, defendants submit that plaintiff should be compelled to consult with their expert and to provide a full and complete response to RFA No. 41. Defendants also note that this RFA relates to plaintiffs' claim that the World Color Plan discriminates on the basis of age, in violation of ERISA § 204(b)(1)(H) and to the opinion of plaintiffs' expert as to the meaning of the phrase "rate of an employee's benefit accrual." Defendants assert that this RFA is intended to flesh out and clarify the opinion of plaintiffs' expert concerning the meaning of that phrase and to explore various applications of the expert's theory as to Cash Balance Plans (the type of plan at issue herein), and similar plans.

In response, plaintiffs insist that their response to this RFA is entirely appropriate because this RFA utilizes a set of data that has nothing to do with any plaintiff and asks plaintiffs to analyze this information and determine it to be accurate for some hypothetical, nonexistent employee. Plaintiffs argue that since the mathematical problem in RFA No. 41 concerns a hypothetical, nonexistent employee it is objectionable, if for no other reason, because it is irrelevant.

In reply, defendants proffer generally that plaintiffs' objections to their RFAs stem from their fundamental misunderstanding of the Cash Balance Plans and the issues herein. Defendants advise that RFA No. 41 is intended to demonstrate, using the same actuarial assumptions used by plaintiffs' expert in his report, that if the "rate of an employee's benefit accrual" is measured by reference to the increase in a participant's account balance as a percentage of pay, the rate of benefit accrual increases with age, and does not decrease as plaintiffs contend.

Based on the same rationale expressed in considering plaintiffs' objections to RFA Nos. 38 and 39, the Magistrate Judge, concludes that plaintiffs must conduct a reasonable inquiry and answer a RFA if the information is readily obtainable, even though plaintiffs may have no personal knowledge of the facts and must consult with their expert prior to responding to RFA No. 41. Consequently, plaintiffs' objection to RFA No. 41 is overruled, and plaintiffs are directed to supplement their response thereto, regardless of the fact that plaintiffs must consult with their expert prior to supplementing said response.

> 42. Exhibit 2 attached hereto is an accurate summary of the yearly pay credits, the yearly interest credits, the cumulative account balance at the end of each year, the yearly increase in the account balance, the immediate annuity available from the yearly increase in the account balance, and the increase in the immediate annuity as a percentage of pay, over a period of forty (40) years under a cash balance plan based on the assumptions used in Exhibit 2, namely: (1) a starting salary of $50,000; (2) annual pay increases of 4%; (3) annual pay credits of 4% of compensation; and (4) annual interest credits of 3%; and (5) an immediate annuity factor based on an interest rate of 4.92% and the 1983 Group Annuity Mortality Table weighted 50% for females and 50% for males.
>
> **ANSWER:** These plaintiffs object to this request on the following grounds:
> First, this request contains a mathematically computed table based upon a hypothetical situation which may only be answered in the form of opinion testimony by an expert witness, and these plaintiffs are not experts and will not testify as experts in this matter; and
> Second, this request is irrelevant to the issues in this action, and is not reasonably likely to result in information that is relevant to the issues in this action.

In support of defendants' motion to compel and in support of plaintiffs' objection to RFA No. 42, the parties advance the same arguments concerning their respective positions as presented in relation to RFA No. 41. Consequently, the ruling made in respect to RFA No. 41 is equally applicable to RFA No. 42. Therefore, plaintiffs' objection to RFA No. 42 is overruled, and plaintiffs are directed to supplement their response thereto, even though plaintiffs must consult with their expert prior to supplementing said response.

> 43. Exhibit 3 attached hereto is an accurate summary of the yearly pay credits, the yearly interest credits, the cumulative account balance at the end of each year, the yearly interest credits projected to age 65 on the pay credits for that year, the portion of the projected account balance allocable to each year, the age-65 immediate annuity provided from the portion of the account balance allocable

to each year, the present value of the age-65 annuity at the current age, and the "rate of benefit accrual" (as defined in the Expert Report of Claude Poulin dated May 27, 2005) adjusted for the time value of money, over a forty (40) year period under a cash balance plan based on the assumptions used in Exhibit 3, namely: (1) a starting salary of $50,000; (2) annual pay credits of 4% of compensation; (3) annual interest credits of 3%; (4) an age 65 immediate annuity factor based on an interest rate of 4.92% and the 1983 Group Annuity Mortality Table weighted 50% for females and 50% for males; and (5) a deferred annuity factor based on an interest rate of 4.92% and the 1983 Group Annuity Mortality Table weighted 50% for females and 50% for males.

**ANSWER:** These plaintiffs object to this request on the following grounds:
First, this request contains a mathematically computed table based upon a hypothetical situation which may only be answered in the form of opinion testimony by an expert witness, and these plaintiffs are not experts and will not testify as experts in this matter; and
Second, this request is irrelevant to the issues in this action, and is not reasonably likely to result in information that is relevant to the issues in this action.

In support of defendants' motion to compel and in support of plaintiffs' objection to RFA No. 43, the parties advance the same arguments concerning their respective positions as presented in relation to RFA No. 41. Consequently, the ruling made in respect to RFA No. 41 is equally applicable to RFA No. 43. Therefore, plaintiffs' objection to RFA No. 43 is overruled, and plaintiffs are directed to supplement their response thereto, even though plaintiffs must consult with their expert prior to supplementing said response.

44. Exhibit 4 attached hereto is an accurate summary of the yearly pay credits, the yearly interest credits, the cumulative account balance at the end of each year, the yearly interest credits projected to age 65 on the pay credits for that year, the portion of the projected account balance allocable to each year, the age-65 immediate annuity provided from the portion of the account balance allocable to each year, the present value of the age-65 annuity at the current age, and the "rate of benefit accrual" (as defined in the Expert Report of Claude Poulin dated May 27, 2005) adjusted for the time value of money, over a forty (40) year period under a cash balance plan based on the assumptions used in Exhibit 4, namely: (1) a starting salary of $50,000; (2) annual pay increases of 4%; (3) annual pay credits of 4% of compensation; (4) annual interest rate of 3%; (5) an age 65 immediate annuity factor based on an interest rate of 4.92% and the 1983 Group Annuity Mortality Table weighted 50% for females and 50% for males; and (6) a deferred annuity factor based on an interest rate of 4.92% and the 1983 Group Annuity Mortality Table weighted 50% for females and 50% for males.

**ANSWER:** These plaintiffs object to this request on the following grounds:

12

First, this request contains a mathematically computed table based upon a hypothetical situation which may only be answered in the form of opinion testimony by an expert witness, and these plaintiffs are not experts and will not testify as experts in this matter; and

Second, this request is irrelevant to the issues in this action, and is not reasonably likely to result in information that is relevant to the issues in this action.

In support of defendants' motion to compel and in support of plaintiffs' objection to RFA No. 44, the parties advance the same arguments concerning their respective positions as presented in relation to RFA No. 41. Consequently, the ruling made in respect to RFA No. 41 is equally applicable to RFA No. 44. Therefore, plaintiffs' objection to RFA No. 44 is overruled, and plaintiffs are directed to supplement their response thereto, even though plaintiffs must consult with their expert prior to supplementing said response.

> 45. Exhibit 5 attached hereto is an accurate summary of the "rate of benefit accrual" (as defined in the Expert Report of Claude Poulin dated May 27, 2005) for an employee from ages 60 to 75 under a traditional 1% final 5-year average pay plan based on the assumptions used in Exhibit 5, namely: (1) an annual salary of $50,000; (2) an annuity factor based on an interest rate of 4.92% and the 1983 Group Annuity Mortality Table weighted 50% for females and 50% for males; and (3) an age 65 immediate annuity factor based on an interest rate of 4.92% and the 1983 Group Annuity Mortality Table weighted 50% for females and 50% for males.

**ANSWER:** These plaintiffs object to this request on the following grounds:

First, this request contains a mathematically computed table based upon a hypothetical situation which may only be answered in the form of opinion testimony by an expert witness, and these plaintiffs are not experts and will not testify as experts in this matter; and

Second, this request is irrelevant to the issues in this action, and is not reasonably likely to result in information that is relevant to the issues in this action.

In support of defendants' motion to compel and in support of plaintiffs' objection to RFA No. 45, the parties advance the same arguments concerning their respective positions as presented in relation to RFA No. 41. Consequently, the ruling made in respect to RFA No. 41 is equally applicable to RFA No. 45. Therefore, plaintiffs' objection to RFA No. 45 is overruled, and plaintiffs are directed to supplement their response thereto, even though plaintiffs must consult with their expert prior to supplementing said response.

> 46. Exhibit 6 attached hereto is an accurate summary of the "rate of benefit accrual" (as defined in the Expert Report of Claude Poulin dated May 27,

13

2005) derived from employee contributions for an employee from ages 31 to 65 under a contributory defined benefit plan based on the assumptions used in Exhibit 6, namely: (1) an annual salary of $50,000; (2) annual employee contributions of 2% of compensation; (3) a statutory interest crediting rate of 6%; and (4) an age 65 immediate annuity factor based on an interest rate of 4.92% and the 1983 Group Annuity Mortality Table weighted 50% for females and 50% for males.

**ANSWER:** These plaintiffs object to this request on the following grounds:
First, this request contains a mathematically computed table based upon a hypothetical situation which may only be answered in the form of opinion testimony by an expert witness, and these plaintiffs are not experts and will not testify as experts in this matter; and
Second, this request is irrelevant to the issues in this action, and is not reasonably likely to result in information that is relevant to the issues in this action.

In support of defendants' motion to compel and in support of plaintiffs' objection to RFA No. 46, the parties advance the same arguments concerning their respective positions as presented in relation to RFA No. 41. Consequently, the ruling made in respect to RFA No. 41 is equally applicable to RFA No. 46. Therefore, plaintiffs' objection to RFA No. 46 is overruled, and plaintiffs are directed to supplement their response thereto, even though plaintiffs must consult with their expert prior to supplementing said response.

> 47. A single life annuity of $10 per month commencing at age 66 is the actuarial equivalent of a single life annuity of $9.09 per month commencing at age 65, where actuarial equivalence is based on the 1983 Group Annuity Mortality Table weighted 50% for females and 50% for males and a discount rate of 6%.

**ANSWER:** These plaintiffs object to this request on the following grounds:
First, this request contains a mathematically computed table based upon a hypothetical situation which may only be answered in the form of opinion testimony by an expert witness, and these plaintiffs are not experts and will not testify as experts in this matter; and
Second, this request is irrelevant to the issues in this action, and is not reasonably likely to result in information that is relevant to the issues in this action.

Defendants contend that plaintiffs' objection to this RFA is improper because (1) RFAs may properly seek opinions and conclusions, as seen in Fed.R.Civ.P. 36(a), (2) the fact that plaintiffs themselves are not experts does not relieve them of their obligation to respond to this RFA, and (3) plaintiffs have an obligation to consult with a third party (including expert witnesses), if necessary,

in order to respond to this RFA. For these reasons, defendants submit that plaintiff should be compelled to consult with their expert and to provide a full and complete response to RFA No. 47.

In response, plaintiffs insist that their response to this RFA is entirely appropriate because this RFA concerns a calculation about an annuity that has nothing to do with this case and is purely a matter of expert testimony. Plaintiffs point out that this case involves discrimination that occurs *before* the purchase of an annuity, not after; therefore, RFA No. 47 is irrelevant to this case.

In reply, defendants proffer generally that plaintiffs' objections to their RFAs stem from their fundamental misunderstanding of the Cash Balance Plans and the issues herein. Defendants advise that RFA No. 47 is intended to demonstrate that annuities of equal value will produce different monthly payments at different ages. Defendants also argue that plaintiffs' relevancy objection is without merit.

Based on the same rationale expressed in considering plaintiffs' objections to RFA Nos. 38 and 39, the Magistrate Judge, concludes that plaintiffs must conduct a reasonable inquiry and answer a RFA if the information is readily obtainable, even though plaintiffs may have no personal knowledge of the facts and must consult with their expert prior to responding to RFA No. 47. Consequently, plaintiffs' objection to RFA No. 47 is overruled, and plaintiffs are directed to supplement their response thereto.

> 48. A single life annuity of $10 per month commencing at age 67 is the actuarial equivalent of a single life annuity of $8.24 per month commencing at age 65, where actuarial equivalence is based on the 1983 Group Annuity Mortality Table weighted 50% for females and 50% for males and a discount rate of 6%.
>
> **ANSWER:** These plaintiffs object to this request on the following grounds:
> First, this request contains a mathematically computed table based upon a hypothetical situation which may only be answered in the form of opinion testimony by an expert witness, and these plaintiffs are not experts and will not testify as experts in this matter; and
> Second, this request is irrelevant to the issues in this action, and is not reasonably likely to result in information that is relevant to the issues in this action.

In support of defendants' motion to compel and in support of plaintiffs' objection to RFA No. 48, the parties advance the same arguments concerning their respective positions as presented

in relation to RFA No. 47. Consequently, the ruling made in respect to RFA No. 47 is equally applicable to RFA No. 48. Therefore, plaintiffs' objection to RFA No. 48 is overruled, and plaintiffs are directed to supplement their response thereto, even though plaintiffs must consult with their expert prior to supplementing said response.

> 49. A single life annuity of $10 per month commencing at age 68 is the actuarial equivalent of a single life annuity of $7.45 per month commencing at age 65, where actuarial equivalence is based on the 1983 Group Annuity Mortality Table weighted 50% for females and 50% for males and a discount rate of 6%.
>
> **ANSWER:** These plaintiffs object to this request on the following grounds:
> First, this request contains a mathematically computed table based upon a hypothetical situation which may only be answered in the form of opinion testimony by an expert witness, and these plaintiffs are not experts and will not testify as experts in this matter; and
> Second, this request is irrelevant to the issues in this action, and is not reasonably likely to result in information that is relevant to the issues in this action.

In support of defendants' motion to compel and in support of plaintiffs' objection to RFA No. 49, the parties advance the same arguments concerning their respective positions as presented in relation to RFA No. 47. Consequently, the ruling made in respect to RFA No. 47 is equally applicable to RFA No. 49. Therefore, plaintiffs' objection to RFA No. 49 is overruled, and plaintiffs are directed to supplement their response thereto, even though plaintiffs must consult with their expert prior to supplementing said response.

### B.  Defendants' First Set of Interrogatories Regarding Expert Actuarial Issues

On or about January 10, 2006, defendants served plaintiffs with ten (10) Interrogatories Regarding Expert Actuarial Issues, all of which concerned the opinions of plaintiffs' expert concerning this case and/or how he arrived at those opinions.

On March 10, 2006, plaintiffs responded to defendants' Interrogatories Regarding Expert Actuarial Issues and objected to all ten of defendants' Interrogatories, raising the following objection thereto:

> The plaintiffs and plaintiff class object to each of the interrogatories propounded by the defendants on the ground that the interrogatories are not a form of discovery of expert opinion allowed by Fed.R.Civ.P. 26(b)(4), which allows for the opinions

of an expert witness to be discovered by interrogatory only when that expert is not expected to testify at trial. Rule 26(b)(4). The plaintiffs have designated Claude Poulin as a trial expert and, as provided in Rule [26](a)(2)(B), have given the defendants his report. Therefore, under Rule 26(b)(4)(A), the defendants' further discovery relating to Mr. Poulin must be by deposition, at the defendants' expense.

In support of defendants' motion to compel, defendants submit that any objections plaintiffs may have had to these Interrogatories have been waived due to the fact that (1) plaintiffs' responses thereto were untimely, and (2) plaintiffs did not, at any time prior to the deadline for responding thereto, file a motion for a protective order or seek an extension of time in which to respond.

Plaintiffs' response to defendants' motion to compel makes no reference to defendants' Interrogatories Regarding Actuarial Issues.

Defendants correctly point out that any objections plaintiffs may have had to the Interrogatories in question have been waived. *See, e.g., Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("[F]ailure to object to discovery requests within the time required constitutes a waiver of any objection"); *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived"); Rule 33, Advisory Committee Notes ("untimely grounds for objections ordinarily are waived").

Consequently, plaintiffs' objections to defendants' First Set of Interrogatories Regarding Actuarial Issues are overruled, and plaintiffs are directed to provide full and complete answers to these Interrogatories.

### C. Defendants' First Set of Requests for Production of Documents Regarding Expert Actuarial Issues

On or about January 10, 2006, defendants served plaintiffs with seventeen (17) Requests for Production of Documents ("RPDs") Regarding Expert Actuarial Issues, all of which concerned the opinions of plaintiffs' expert concerning this case and/or how he arrived at those opinions.

On March 10, 2006, plaintiffs responded to defendants' RPDs Regarding Expert Actuarial Issues and objected to all seventeen of defendants' RPDs, raising the following objection thereto:

> The plaintiffs and plaintiff class object to each of the document production requests propounded by the defendants on the ground that the requests are not a form of discovery for a trial expert's opinion allowed by Fed.R.Civ.P. 26(b)(4). The plaintiffs have designated Claude Poulin as a trial expert and, as provided in Rule [26](a)(2)(B), have given the defendants his report. Therefore, under Rule 26(b)(4)(A), the defendants' further discovery relating to Mr. Poulin must be by deposition, at the defendants' expense.

In support of defendants' motion to compel, defendants submit that any objections plaintiffs may have had to these RPDs have been waived due to the fact that (1) plaintiffs' responses thereto were untimely, and (2) plaintiffs did not, at any time prior to the deadline for responding thereto, file a motion for a protective order or seek an extension of time in which to respond.

Plaintiffs' response to defendants' motion to compel makes no reference to defendants' RPDs Regarding Actuarial Issues.

Defendants correctly point out that any objections plaintiffs may have had to the RPDs in question have been waived. *See, e.g., Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("[F]ailure to object to discovery requests within the time required constitutes a waiver of any objection"); *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived"); Rule 33, Advisory Committee Notes ("untimely grounds for objections ordinarily are waived").

Consequently, plaintiffs' objections to defendants' First Set of RPDs Regarding Actuarial Issues are overruled, and plaintiffs are directed to provide full and complete responses to these RPDs.

Accordingly, **IT IS HEREBY ORDERED** that defendants' motion to compel discovery from plaintiffs [DE #48] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Plaintiffs' objections to Defendants' First Set of Interrogatories Regarding Actuarial Issues and plaintiffs' objections to Defendants' First Set of Requests for Production of Documents Regarding Actuarial Issues are **OVERRULED**. Defendants' motion to compel in relation to these

discovery requests is **GRANTED**, and Plaintiffs are directed to provide full and complete responses to the foregoing discovery requests.

2. As to defendants' Requests for Admission that are in dispute:

a. defendants' motion to compel plaintiffs to supplement their response to RFA Nos. 15 and 16 is **DENIED**. Plaintiffs' responses thereto are sufficient and need not be supplemented.

b. plaintiffs' objections to RFA Nos. 38-49 are **OVERRULED**; defendants' motion to compel plaintiffs to supplement their responses to RFA Nos. 38-49 is **GRANTED**.

3. Plaintiffs are directed to supplement their responses to defendants' discovery requests itemized above, wherein defendants' motion to compel was granted, within twenty (20) days of the date of this Order.

This **25th** day of April, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE